

**ORDERED in the Southern District of Florida on January 5, 2016.**

*A. Jay Cristol, Judge*
*United States Bankruptcy Court*

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

RAYMOND NAVARRO and
PILAR NAVARRO,                                    CASE NO. 12-31034-BKC-AJC

    Debtors.                                         Chapter 7
_____/
BARRY MUKAMAL, as Chapter 7 Trustee,

    Plaintiff,

v.                                                ADV. NO. 15-1477-BKC-AJC-A

PILAR ELCHEDIAK,

    Defendant.
_____/

**ORDER (I) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND AUTHORIZING SALE OF PROPERTY [ECF NO. 8] AND (II) DENYING
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT [ECF NO. 17]**

On December 2, 2015, at 2:30 p.m., the Court conducted a hearing on the Motion for

Summary Judgment filed by Plaintiff Barry E. Mukamal, as Chapter 7 Trustee ("Trustee" or

1

"Plaintiff") and the Cross Motion for Summary Judgment filed by Defendant Pilar Elchediak ("Elchediak").

The Court has considered the: (1) *Plaintiff's Motion for Summary Judgment* [ECF No. 8], and all exhibits thereto; (2) *Elchediak's Cross Motion for Summary Judgment* [ECF No. 17]; (3) *Certification in Opposition to Trustee's Motion for Summary Judgment and in Support of Cross-Motion for Summary Judgment* [ECF No. 15], and all exhibits thereto; and (4) *Certification of Pilar Navarro in Opposition to Trustee's Motion for Summary Judgment and in Support of Cross-Motion for Summary Judgment* [ECF No. 16]. In addition, the Court has considered the record in this case, the arguments of counsel, and relevant pleadings and authorities.

Being duly advised, the Court finds that there is no genuine issue as to any material facts necessary to resolve the issues presented. Accordingly, for the reasons set forth herein, the Court, pursuant to Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056: (1) denies Elchediak's cross-motion for summary judgment; and (2) grants the Trustee's motion for summary judgment, and determines that the Trustee is authorized to sell the property at issue.

## UNDISPUTED FACTS

The following facts are not subject to any genuine dispute:

1. Debtors Raymond Navarro and Pilar Navarro filed a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 21, 2012 (the "Petition Date"). *See* Case No. 12-31034-BKC-AJC (the "Main Bankruptcy Case).

2. The Debtors filed their initial bankruptcy schedules under oath on September 26, 2012. *See* ECF No. 33 in the Main Bankruptcy Case (the "Initial Schedules).

3. The Initial Schedules[1], filed under oath, listed a property located at 10545 S.W. 73rd Terrace, Miami, FL 33173 as being unencumbered, and listed Debtor Pilar Navarro as having a fee simple ownership interest. *Id.*, Schedule A.

4. On December 5, 2012, the Court entered an order converting the Debtors' Chapter 11 case to a Chapter 7 case. *See* ECF No. 82 in the Main Case.

5. The Plaintiff was appointed as the Chapter 7 Trustee of the Debtors' Bankruptcy Estate. *See* ECF No. 86 in the Main Bankruptcy Case.

6. The claims register in the Debtors' Main Bankruptcy Case lists approximately $3.7 million in unsecured creditor claims.

7. On July 22, 2015, the Trustee commenced this adversary proceeding against Elchediak, upon the filing of a complaint (the "Complaint") [ECF No. 1].

8. Elchediak filed an answer (the "Answer") [ECF No. 5] to the Complaint on August 24, 2015.

9. The property at issue in this case (the "Property") is more particularly described as follows:

> Lot 209, of CREEKSIDE VILLAS SECTION TWO, according to the Plat thereof, as recorded in Plat Book 113, at Page 89, of the Public Records of Miami-Dade County, Florida.
>
> Folio No. 30-40-32-032-1150
>
> Address: 10545 S.W. 73rd Terrace, Miami, FL 33173

10. As of the Petition Date, Debtor Pilar Navarro and her mother, Elchediak, were each 50% owners of the Property pursuant to the following deeds:

> Quit-Claim deed from Elchediak and her husband to Debtor Pilar Navarro dated December 9, 1991, and recorded on December 23, 1991, in the public records of

---

[1] The Debtors subsequently amended their Initial Schedules and removed any references to the Property.

Miami-Dade County at OR 15320 P 0025 (the "1991 Quit-Claim Deed") (*See* Compl. Ex. B)

Quit-Claim Deed from Debtor Pilar Navarro to Debtor Pilar Navarro and Pilar Elchediak, as joint tenants with the right of survivorship, dated December 4, 1992, and recorded in the public records of Miami-Dade County at OR 15744 P 1320 (the "1992 Quit-Claim Deed") (*See* Compl. Ex. A)

11.   Elchediak executed the 1991 Quit-Claim Deed for estate planning purposes. (*See* ECF No. 15, ¶8.)

12.   Elchediak and Debtor Pilar Navarro purportedly executed a warranty deed on December 31, 2009 (the "2009 Warranty Deed"), whereby Debtor Pilar Navarro and Elchediak granted Elchediak a life estate in and to the Property. (*See* ECF No. 15, Ex. C.) The 2009 Warranty Deed was never recorded, and Debtor Pilar Navarro never listed such remainder interest on any of her bankruptcy schedules.

13.   The Property is not the homestead of either Debtor Pilar Navarro or Elchediak. (Ans. ¶ 16; *see also* Miami-Dade County Property Appraiser, attached to ECF No. 8 as Ex. 1)

14.   According to a broker's comparative market analysis, the Property had a comparative market value of between $220,000.00 and $235,000.00 as of September 29, 2015. *See* Broker's Comparative Analysis, attached as Ex. A to Affidavit of Jose Blanco, attached to ECF No. 8 as Ex. 2.

15.   The Estate's 50% interest in the Property is worth approximately between $110,000.00 and $117,500.00. *Id.*

16.   There are no recorded liens on the Property.

17.   Debtor Pilar Navarro has not claimed the Property as exempt. *See* Debtors' Schedule C.

18.   The Property is comprised of a single lot containing a single family residence. (Ans. ¶ 20.)

19. Partition of the Property among the Debtors' Estate and Elchediak is impracticable. (Ans. ¶ 20.)

20. The sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free of the interest of Elchediak. *See* Affidavit of Jose Blanco, attached to ECF No. 8 as Ex. 2.

21. The benefit to the Estate of a sale of the Property free of the interest of Elchediak outweighs the detriment, if any, to Elchediak.

22. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. (Ans. ¶ 27.)

23. Prior to the filing of the Complaint, Elchediak resided at Debtor Pilar Navarro's homestead located at 8010 S.W. 132 St, Miami 33156, and the Property was rented by a friend of their family.

24. Prior to the filing of the Complaint, Elchediak advised Debtor Pilar Navarro that she would not consent to a sale of the Property. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the court must construe all

facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

## CONCLUSIONS OF LAW

There being no genuine issue as to the material facts bearing on the pending motions, the Court concludes as follows:

### A. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

### B. 11 U.S.C. § 363(h) Authorizes the Sale of the Property

Section 363(h) of the Bankruptcy Code authorizes a sale free and clear of the interests of co-owners if certain conditions are met. Section 363(h) provides that a debtor or trustee may sell both the estate's interest in property and a co-owner's interest if the following four conditions are met:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

*See* 11 U.S.C. § 363(h). Thus, in order for the Court to permit a sale of the Property under § 363(h), each condition must be satisfied, and the Trustee carries the burden of proof with respect to all of the Section 363(h) requirements. *Ocean Blue Leasehold Prop., LLC v. Croley* (*In re Ocean Blue Leasehold Prop., LLC*), 2008 WL 652113, *3 (Bankr. S.D.Fla. March 7, 2008); *In re Anderson*, 132 B.R. 657, 660 (Bankr. M.D.Fla. 1991); *In re McDow*, 248 B.R. 466, 469 (Bankr. M.D.Fla. 2000).

The undisputed facts demonstrate that the Trustee has met his burden. First, partition of the Property between the Estate and Elchediak is impracticable. "Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds." *Bakst v. Griffin (In re Griffin)*, 123 B.R. 933, 935 (Bankr. S.D.Fla. 1991). Here, the Property consists of a single lot containing a single family residence, and Elchediak admits that partition is impracticable.

Second, the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale free of Elchediak's interests. Elchediak's undivided one-half interest would chill any prospective purchase of the Estate's one-half interest in the Property. *See Bakst v. Baldwin* (*In re Baldwin*), 2007 WL 4414870 (Bankr. S.D. Fla. Dec. 14, 2007). Thus, the Estate would realize more from a sale free of Elchediak's interest.

Third, the benefit to the Estate of the sale of the Property free of Elchediak's interest outweighs the detriment to Elchediak. "The cases in which bankruptcy courts have found that the detriment to a co-owner outweighs the benefit to the estate generally involve situations in

7

which a sale will displace a co-owner or otherwise result in a serious hardship." *In re Ocean Blue Leasehold Prop., LLC*, 2008 WL 652113*4 (citations omitted). Elchediak failed to set forth any basis that would demonstrate a detriment to her. Elchediak neither resides at the Property nor claims the Property as her homestead. Conversely, by authorizing the Trustee to sell the Property—based on a potential sales price of between $220,000.00 and $235,000.00—a sale of the Property free of Elchediak's interest would substantially benefit the Estate by providing the Trustee with funds to pay administrative claims and provide a ratable distribution to unsecured creditors. In addition, Elchediak will receive funds sufficient to purchase comparable property, if she so desires. Therefore, the benefit to the Estate outweighs any detriment to Elchediak.

Fourth, the parties stipulated that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

    **C.**    **The Trustee is Entitled to Summary Judgment**

Because the Trustee has satisfied each requirement of § 363(h), the Trustee is authorized to sell the Property pursuant to Section 363(h). The Trustee has met his burden and Elchediak does not dispute any particular Section 363(h) factor. However, Elchediak disputes whether the Estate possesses any interest in the Property in the first instance. Elchediak asserts three arguments as to why summary judgment should not be granted in favor of the Trustee: (1) the deed to Debtor Pilar Navarro was never "delivered" to Debtor Pilar Navarro, and was therefore ineffective to transfer title; (2) if the deed was deemed effective, Elchediak retained a life estate interest in the Property; and (3) anyone relying on the public records as to the ownership of the Property was on actual notice of Elchediak's interest due to the possession and control of the Property by Elchediak or her tenant.

8

As set forth herein, Elchediak's arguments are legally and factually insufficient to defeat the Trustee's motion for summary judgment and prevent a sale of the Property pursuant to Section 363(h).

### I. The Record Demonstrates that All Deeds were Delivered to Debtor Pilar Navarro

Elchediak argues that no deeds to the Property were ever delivered to Debtor Pilar Navarro, and therefore title to the Property never transferred to Debtor Pilar Navarro. This argument is not supported by the factual record and is legally deficient. Under Florida law, delivery of a deed by the grantor is essential to transfer title. *See Ellis v. Clark*, 23 So. 410, 412 (Fla. 1897). There is a dichotomy in Florida law regarding the effect recordation has on the delivery of a deed, but both standards evidence delivery under the present undisputed facts. Some authorities hold that recordation of a deed is effective as legal delivery of the deed in the absence of fraud on the grantor. *See Wise v.* Wise, 184 So. 91, 96 (Fla. 1938); *Int'l Kaolin Co. v. Vause*, 46 So. 3 (Fla. 1908); *Levy v. Cox,* 22 Fla. 546 (Fla. 1886); *see also Crockett v. Crockett*, 199 So. 337 (Fla. 1940). Under this line of authority, since the record is devoid of any facts to evidence fraud on the grantor, the recordation of the 1991 Quit-Claim Deed, whereby Elchediak and her husband deed the Property to Debtor Pilar Navarro, and the 1992 Quit-Claim Deed, whereby Debtor Pilar Navarro deeded the Property to herself and Elchediak as joint tenants with rights of survivorship, indisputably demonstrates the delivery of each deed to Debtor.

Other Florida cases hold that recordation constitutes prima facie evidence of delivery and creates a rebuttable presumption of delivery, which when coupled with other evidence showing an intention to deliver the deed is evidence of absolute delivery. *See Smith v. Owens*, 108 So. 891, 894 (Fla. 1926); *Ellis*, *supra*, 23 So. at 412; *see also Lance v. Smith*, 167 So. 366, 367 (Fla. 1936); *Wilson v. Wilson,* 118 So. 215, 216 (Fla. 1928). Presumption of delivery can only be

overcome by showing that no delivery was made and no delivery was intended. *See Ellis,* 23 So. at 412-13. Here, the undisputed record demonstrates absolute delivery was both intended and made. Elchediak intended delivery of the 1991 Quit-Claim Deed because she wanted her daughter, the Debtor, to be on the title for estate planning purposes; this intention was further effectuated with the 1992 Quit-Claim Deed. The fact that Debtor Pilar Navarro, after the execution and recordation of the 1991 Quit-Claim Deed, executed two additional deeds—the 1992 Quit-Claim Deed, whereby she deeded the Property to herself and Elchediak as joint tenants with rights of survivorship, and the purported 2009 Warranty Deed, which granted Elchediak a life estate interest—demonstrates that the 1991 Quit-Claim Deed and all subsequent deeds were actually delivered to Debtor Pilar Navarro, notwithstanding that the 2009 Warranty Deed was never recorded. Elchediak has failed to rebut the presumption of delivery of the deed.

## II. Under Florida Law, the Trustee, as Bona Fide Purchaser, Prevails Over Unrecorded Interests

Elchediak also asserts that her life estate interest in the Property pursuant to the unrecorded 2009 Warranty Deed is superior to the interest of the Trustee. Even if the 2009 Warranty Deed was valid (which the Court need not determine), the Trustee in his status as a bona fide purchaser of real property under Section 544(a)(3) would prevail under Florida law because the 2009 Warranty Deed is unrecorded.

Although the Trustee's strong arm powers arise under federal law, the substantive law of the state in which the property in question is located governs the scope of these powers *vis-à-vis* third parties. *See In re Paul J. Paradise & Assoc., Inc.*, 249 B.R. 360, 371 (D. Del. 2000). Florida law governs the Trustee's rights and powers as a bona fide purchaser because the Property is located in Florida. Under Florida's recording statute—Fla. Stat. § 695.01—a bona fide purchaser of real property takes precedence over unrecorded interests. *Bakst v. Cario (In re*

10

*Cario)*, 2012 WL 1122887 (Bankr. S.D. Fla. Apr. 3, 2012); *Bakst v. Corzo (In re Corzo)*, 406 B.R. 154, 10 (Bankr. S.D. Fla. 2008); *In re Loewen Group, Int'l*, 292 B.R. 522, 527 (Bankr. D. Del. 2003) ("a bona fide purchaser under Florida law may avoid an unrecorded interest") (citations omitted); *White v. Weatherford* (*In re Abrass*), 268 B.R. 665 (Bankr. M.D.Fla. 2001); *Dubai Islamic Bank v. Attorneys' Title Ins. Fund*, 778 So. 2d 413 (3d DCA 2001); *see also Belisle v. Plunkett*, 877 F.2d 512, 515 (7th Cir. 1989) ("Under most state states' laws, however, the buyer in good faith of real property can obtain a position superior to that of the rightful owner if the owner neglected to record his interest in the filing system. Section 544(a)(3) gives the trustee the same sort of position.").

In this matter, through the 1992 Quit-Claim Deed, Debtor Pilar Navarro conveyed the Property to herself and Elchediak as joint-owners. There is no subsequently recorded transaction or declaration indicating that Elchediak maintained a life estate interest in the Property. Thus, under Florida Statute §695.01, the Trustee would prevail over the unrecorded life estate interest asserted by Elchediak pursuant to the 2009 Warranty Deed. *See Bakst v. Corzo*, 406 B.R. 154. The Estate and Elchediak each hold an undivided one-half interest in the Property.

### III. The Trustee Qualifies as Bona Fide Purchaser

Elchediak argues that the Trustee, as a bona fide purchaser as of the Petition Date, would take the Property subject to Elchediak's unrecorded life estate interest pursuant to the 2009 Warranty Deed. Elchediak reasons that, because either Elchediak or her tenants resided at the Property prior to the Petition Date and not Debtor Pilar Navarro, a bona fide purchaser would have been on actual notice of Elchediak's life estate interest in the Property. However, the record demonstrates the contrary.

Assuming Elchediak held an unrecorded life estate interest in the Property, Elchediak's or her tenants' possession of the Property would not be inconsistent with Elchediak's 50% ownership interest in the Property. Indeed, as a 50% owner of the Property, Elchediak presumably would be entitled to reside at the Property (though she currently resides with the Debtors) or have a tenant, and this scenario would not give rise to "actual" notice of Elchediak's purported life estate interest. Moreover, the Debtors filed Initial Schedules listing Debtor Pilar Navarro's fee simple ownership interest in the Property. Thus, by itself, the fact that Elchediak resided at the Property and may have rented the Property to a tenant is not sufficient to provide actual notice of Elchediak's life estate interest in the Property, and she cannot therefore defeat the Trustee's status as a hypothetical bona fide purchaser.

Based on the foregoing undisputed facts and conclusions of law made by the Court, it is:

**ORDERED AND ADJUDGED** as follows:

1. The Trustee's Summary Judgment Motion is GRANTED; summary judgment is entered in favor of the Trustee and against Elchediak. Pursuant to 11 U.S.C. § 363(h), the Trustee is authorized to sell both the Estate's interest and Elchediak's interest in the Property. The Trustee is authorized to retain a broker to sell the Property and, after the payment of a broker commission and closing costs, the Trustee shall distribute 50% of the net proceeds to Elchediak and 50% of the net proceeds to the Debtors' Estate.

2. Elechediak's Cross-Motion for Summary Judgment is DENIED.

###

**Submitted by:**
Vincent F. Alexander, Esq.
*Counsel for the Trustee*
**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134

Tel.: (305) 372-1800
Fax: (305) 372-3508
E-mail: vfa@kttlaw.com

**Copies furnished to:**
Vincent F. Alexander, Esq.
*(Attorney Alexander is directed to serve a signed copy of this order upon all interested parties and to file with the Court a certificate of service conforming with L.R. 2002-1(F))*